OWENS, Circuit. Judge, concurring: I join all but Part II,D of the majority opinion. In my view, we need not decide whether the Second Amendment guarantees the right to sell'firearms. It is enough that Heller left intact “laws imposing conditions and qualifications on the commercial sale of arms.” District of Columbia v. Heller, 554 U.S. 570, 626-27, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008); see also McDonald v. City of Chicago, 561 U.S. 742, 786, 130 S.Ct. 3020, 177 L.Ed.2d 894 (2010) (“We- made it clear in Heller that our holding did not cast doubt on such longstanding regulatory measures!.]”). The ordinance at issue here falls within that category of “presumptively lawful regulatory measures,” Heller, 554 U.S. at 627 n.26, 128 S.Ct. 2783, and plaintiffs therefore “cannot, state a viable Second Amendment claim.” Nordyke v. King, 681 F.3d 1041, 1044.(9th Cir. 2012) (en banc). As the dissent to the original panel decision put it, all “we’re dealing with here is a. mundane zoning dispute dressed up as, ..a Second Amendment challenge.” Teixeira v. County of Alameda, 822 F.3d 1047, 1064 (9th Cir. 2016) (Silverman, J., dissenting).